IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARICA SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANS UNION, LLC; EQUIFAX )<br>INFORMATION SERVICES, LLC; and )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., )<br>)<br>Defendants. ) | Case No. CIV-25-00900-JD |

## ORDER

The Court previously ordered Plaintiff's counsel to file an entry of appearance by December 1, 2025. [Doc. No. 27]. Plaintiff's counsel is also required to enter his appearance in a civil case by the Local Civil Rules. *See* LCvR83.4 ("An attorney appearing for a party in a civil case *shall* enter an appearance by signing and filing an entry of appearance on the form prescribed by the clerk of this court.") (emphasis added). The Court again noted Plaintiff's counsel's lack of compliance in its order on December 4, 2025. [Doc. No. 37 ¶ 24(i)].

When Plaintiff's counsel failed to comply with the Court's prior orders and the Local Civil Rules, on December 29, 2025, the Court issued an order requiring Plaintiff's counsel to file an entry of appearance by January 6, 2026. The Court specifically warned that failure to comply with the order and the deadline would result in the Court dismissing the action without prejudice and without further warning. [Doc. No. 38]. Plaintiff's counsel has not complied with the Court's orders or the Local Civil Rules.

Consequently, the Court DISMISSES Plaintiff's action without prejudice for failure to comply with the Court's orders and rules. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (even without a motion, a district court may *sua sponte* dismiss an action if the plaintiff fails to comply with court rules or orders); *see also* Fed. R. Civ. P. 41(b).[1]

IT IS SO ORDERED this 14th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal is without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007)).